UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL STONE,

     Plaintiff,

v.

                      CASE NO.  8:12-CV-35-T-17TBM

CAROLYN W. COLVIN,
Commissioner of the United
States Social Security
Commission,

     Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 17  Report and Recommendation
Dkt. 20  Objection

In this case, Plaintiff Nathaniel Stone seeks review of the denial of Plaintiff's claim for Supplemental Security Income benefits.  The assigned Magistrate Judge has issued a Report and Recommendation in which it is recommended that the decision of the Commissioner of the United States Social Security Administration be affirmed.

The Court has corrected a scrivenor's error in Plaintiff's name, and has substituted the current Commissioner in the style of this case.

The Court has independently reviewed the pleadings and the transcript.  Plaintiff has filed Objections to the Report and Recommendation.

Case No. 8:12-CV-35-T-17TBM

I. Standard of Review

A. Social Security

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390, 401 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988). " 'Substantial evidence' is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. See Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic, for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." Bridges v. Bowen, 815 F.2d 622 (11th Cir. 1987), Lamb, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. Bowen v. Heckler, 748 F.2d 629, 634 (11th Cir. 1984).

B. Report and Recommendation

The District Court reviews de novo the portions of the Report and Recommendation or specified proposed findings to which an objection is made. The District Court may accept, reject, or modify in whole or in part the report and recommendation of a magistrate judge, or may receive further evidence, or may recommit the matter to the magistrate judge with instructions.

2

Case No. 8:12-CV-35-T-17TBM

II. Objections

At the outset, the Court notes that Plaintiff Stone was unrepresented at the hearing before the ALJ. Whether or not a claimant is represented, the ALJ has a duty to develop a full and fair record. Clark v. Schweiker, 652 F.2d 399, 404 (5th Cir. Unit B July 1981). Where notice of the right to counsel is inadequate, a remand is not required unless the record reveals evidentiary gaps which result in unfairness or clear prejudice to the claimant. Smith v. Schweiker, 677 F.2d 826, 828 (11th Cir. 1982). When a claimant who has not waived the right to counsel represents himself at a hearing, the hearing examiner's obligation to develop a full and fair record rises to a special duty to develop the relevant facts. Cowart v. Schweiker, 662 F.2d 731, 735  (11th Cir. 1981).

The Court has examined the record to determine if Plaintiff Stone waived his right to representation.  The Court notes that a detailed statement of Plaintiff's right to representation was mailed to Plaintiff with the Notice of Hearing (SSA Publication 05-10075)(Dkt. 7-4, pp. 21-22). At the hearing, the ALJ explained Plaintiff's right to representation (Dkt. 7-2, pp. 37-38).  Plaintiff Stone testified that he understood his rights and wanted to proceed (Dkt. 7-2, p. 38).  Plaintiff Stone executed a waiver of representation (Dkt. 7-4, pp. 31-32).

After consideration, the Court concludes that Plaintiff Stone knowingly waived representation at the hearing; the ALJ's duty to develop the record did not rise to the level of a special duty.

A.  Failure to Find Severe Impairment

In the Report and Recommendation, after consideration of the arguments and record evidence, the assigned Magistrate Judge found that the ALJ properly considered

Case No. 8:12-CV-35-T-17TBM

and evaluated the opinions at issue.

In objection, Plaintiff Stone argues that Dr. Appenfeldt reported an IQ score of 41, and a GAF of 50, which show that Plaintiff Stone has a severe impairment.

The Court notes that Dr. Appenfeldt states that:

> These results should be used with caution, as they are believed to significantly underestimate the claimant's true abilities and the undersigned questions the reliability and validity of the scores.

(Dkt. 7-7, p. 18).   Dr. Appenfeldt further states that "the results of standardized testing are not considered to be valid and reliable." (Dkt. 7-7, p. 17).   Intelligence testing in 1996 showed Plaintiff Stone to have cognitive ability in the average range. (Dkt. 7-7, pp. 11-14).

Plaintiff Stone argued that the IQ of 41 is less than what is required to meet a listing in 12.05B. 20 C.F.R. 416.925 explains how the Commissioner uses the Listings in Appendix 1 of Subpart P of Part 404.  For adults, the Listings describe impairments considered severe enough to prevent an individual from doing any gainful activity, regardless of his age, education and work experience.  20 C.F.R. 416.925(d) states:

> (d) Can your impairment(s) meet a listing based only on a diagnosis? No. Your impairment(s) cannot meet the criteria of a listing based only on a diagnosis. To meet the requirements of a listing, you must have a medically determinable impairment(s) that satisfies all of the criteria of the listing.

The evaluation of disability on the basis of a mental disorder requires the documentation of a medically determinable impairment, consideration of the degree of limitation the impairment imposes on the claimant's ability to work, and consideration of whether the limitation has lasted or is expected to last for a continuous period of 12

Case No. 8:12-CV-35-T-17TBM

months.

Listing 12.05 is "mental retardation." Listing 12.05 contains an introductory paragraph and four sets of criteria. If a claimant's impairment satisfies the description of the introductory paragraph and any one of the criteria, the claimant meets the Listing.

In this case, Plaintiff Stone argument that Plaintiff Stone meets the Listing for 12.05B is not well taken.

Listing 12.05 states:

Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning manifested during the developmental period, i.e. the evidence demonstrates or supports onset of the impairment before age 22.

"Adaptive deficits" relate to activities of daily living and social functioning. The record shows that Plaintiff Stone received services in the ESE program on the basis of a learning disability, not subaverage intellectual functioning. The record does not support the presence of adaptive deficits.

Plaintiff Stone argues that a GAF of 50 indicates the presence of a severe impairment. The Global Assessment of Functioning ("GAF") or GAF scale is a numeric scale that mental health physicians use to rate the occupational, psychological and social functioning of adults. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (Text Revision, 4th ed. 2000). McCloud v. Barnhart, 166 Fed. Appx. 410, 413 (11th Cir. 2006). A GAF score, standing alone, does not evidence an impairment seriously interfering with a claimant's ability to work. Ward v. Astrue, 2008 WL 1994978 at *3 (M.D. Fla. 5/8/2008). A GAF score does not

Case No. 8:12-CV-35-T-17TBM

correlate directly to the severity requirements in the Listings in the Regulations.

After consideration, the Court overrules Plaintiff's Objection as to this issue.


B. No Cherry Picking Allowed

Plaintiff Stone argues that the ALJ gave significant weight to the opinion of Dr. Appenfeldt, and because Dr. Appenfeldt reported an IQ of 41 and GAF of 50, taking into account Dr. Appenfeldt's entire opinion, the Court should have found that the ALJ erred in determining that Plaintiff had no severe impairment.  Plaintiff Stone further argues that the ALJ must consider the record as a whole; contrary evidence cannot be disregarded.

Plaintiff Stone argues that the Wechsler score of 41 was valid.  Dr. Appenfeldt was not convinced of the severity of Plaintiff's impairments, as Plaintiff Stone presented them; Dr. Appenfeldt stated that the results of the standardized testing were not valid and suspected malingering for secondary gain.

Plaintiff Stone argues that the ALJ knew that Plaintiff had a severe impairment, based on knowledge  that Plaintiff was awarded benefits as a child, was placed on an ESE and was found to lack employability by the Pinellas County School District.  It is not unusual for a claimant not to have a record of SGA.  When a claimant does not have a record of SGA, it is appropriate to consider medical evidence and evidence of the claimant's daily functioning through the sequential evaluation process.

In this case, the ALJ applied the required sequential evaluation process.  In Steps 1 through 4, the claimant has the burden of proof; at step 5, the burden shifts to show that there is other work available that a claimant could perform.  If the

Case No. 8:12-CV-35-T-17TBM

Commissioner carries this burden, the burden of proof is on the claimant to establish that the claimant cannot perform those jobs.   The ALJ considered the record medical evidence, which included the Psychiatric Review Technique.   Since Plaintiff Stone alleged only a nonexertional impairment, the ALJ used a Vocational Expert ("VE") at the hearing, and posed a hypothetical question to establish that a claimant with Plaintiff's alleged limitations would be able to secure employment available in the national economy.

Plaintiff Stone further argues that there is no evidence to show Plaintiff could perform SGA, eight hours a day, five days a week or an equivalent schedule. Plaintiff Stone was not gainfully employed when Plaintiff applied for SSI, and has never been gainfully employed, defined as eight hours a day, five days a week.  Plaintiff did work part-time for a period of time; Plaintiff's employment was terminated when Plaintiff overslept and did not go to work.  At the hearing, the burden shifted back to Plaintiff Stone to establish that Plaintiff could not perform the jobs the VE identified.

After consideration, the Court overrules Plaintiff's objection as to this issue.

C. Hypothetical Demands Disability Finding

Plaintiff Stone argues that the Court erred in determining that the ALJ was not required to accept or rely on the VE's response to the hypothetical question as to whether a claimant with a severe mental impairment including a lack of concentration or lack of ability to attend to basic job tasks, could perform jobs, to which the VE responded "No." (Dkt. 7-2, p. 51). The Court recognized that the ALJ is required to include all applicable limitations in the hypothetical question posed to the VE, but is not required to include limitations which are not present. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004). Here, the ALJ ended the sequential evaluation at Step 2, finding that Plaintiff's impairments were not severe.

Case No. 8:12-CV-35-T-17TBM

After consideration, the Court overrules Plaintiff's objection as to this issue.


D.  Improper Weight to State Agency Doctors

Plaintiff Stone objects to the weight accorded to non-examining physicians.

In this case, there is no treating physician.  Plaintiff Stone was evaluated by Dr. Appenfeldt.  Dr. Hamlin and Dr. Dinwoodie are non-examining physicians. The opinions of examining physicians are accorded more weight than non-examining physicians.  20 C.F.R. 416.927 (d) (1)-(2).  An ALJ may rely on a non-examining physician's opinion if it does not contradict the examining physician's findings or test results in the medical report.  Edwards v. Sullivan, 937 F.2d 580, 584 (11th Cir. 1991). Here, the opinions of Dr. Hamlin and Dr. Dinwoodie support Dr. Appenfeldt's findings.

After consideration, the Court overrules Plaintiff's objection as to this issue.

E.  Development of the Record

Plaintiff Stone argues that the ALJ knew that Plaintiff had a mental impairment and improperly did not develop the record.

The ALJ complied with the duty to develop the record by sending Plaintiff Stone to Dr. Appenfeldt for a consultative evaluation in July, 2009; the report provided Plaintiff's medical history for twelve months prior to the claim.  There was testimony at the hearing as to Plaintiff's receipt of benefits as a child, and the administrative record included documentation of the prior award.  The ALJ had Plaintiff's IEP for the 2006/2007 school year, and the Learning and Analysis Report completed in 1996 when Plaintiff Stone was in first grade.  Additional records might have provided more support

8

Case No. 8:12-CV-35-T-17TBM

to Plaintiff, but Plaintiff had the opportunity to obtain the records and provide them to the ALJ and the Appeals Council, but did not do so.  The ways in which counsel could aid Plaintiff were explained to Plaintiff Stone in advance of the hearing, but Plaintiff elected not to obtain representation.

At the hearing, the ALJ questioned Plaintiff Stone about his educational background, prior work, daily activities, and current medical treatment.  Plaintiff Stone was given a CD with the medical evidence and other evidence on it, but did not look at it.  The ALJ  summarized the evidence and asked Plaintiff if anything was missing; the ALJ admitted the exhibits identified.

At the hearing, the ALJ specifically pointed out to  Plaintiff that the hearing was Plaintiff's opportunity to "tell his story."   Plaintiff's testimony included a lot of one- or two-word answers to the ALJ's questions.  Plaintiff's mother testified at the hearing, and expounded on Plaintiff's testimony.

After consideration, the Court concludes that Plaintiff Stone has not established prejudice based on the alleged failure of the ALJ to develop the record; therefore a remand is not necessary.   The Court  overrules Plaintiff's objection as to this issue.

The Court has overruled Plaintiff's Objections to the Report and Recommendation.  After consideration of the pleadings and the record, the Court adopts the Report and Recommendation, and incorporates it by reference. Accordingly, it is

**ORDERED** that Plaintiff's Objections (Dkt. 20) are **overruled**, and the Report and Recommendation is **adopted and incorporated**.  The Court **affirms** the denial of Plaintiff's claim for Supplemental Security Income benefits.  The Clerk of Court shall enter a final judgment in favor of Defendant Carolyn W. Colvin, Commissioner of United

Case No. 8:11-CV-35-T-17TBM

States Social Security Administration and close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this

25th day of March, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

10